(109 So. 183)

## DENNIS v. STATE. (4 Div. 185.)

(Court of Appeals of Alabama. June 1, 1926.
Rehearing Denied June 15, 1926.)

Homicide ⟨key⟩187, 339—Exclusion of questions as to whether defendant's daughter was pregnant at time of killing held proper as not being relevant to issue of self-defense and not prejudicial, in view of similar evidence admitted without objection.

In murder prosecution with issue of self-defense, exclusion of questions as to whether defendant's daughter was pregnant at time of killing, or whether she had told defendant that she was pregnant, *held* proper as being irrelevant and not prejudicial, where defendant testified later without objection to substantially the same facts.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Hattie Dennis was convicted of first degree manslaughter, and she appeals. Affirmed.

Lee & Tompkins, of Dothan, for appellant.

Defendant should have been permitted to show the condition of her daughter. Kennedy v. State, 140 Ala. 1, 37 So. 90.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The rulings on admission of testimony were without error. Dukes v. State, 210 Ala. 442, 98 So. 368; Motes v. State, 19 Ala. App. 250, 96 So. 725.

BRICKEN, P. J. Appellant was charged by indictment with murder in the first degree. Specifically, it was charged that she unlawfully and with malice aforethought killed Claudie Herndon by cutting him with a knife, or by stabbing him with a knife. Upon the trial she was convicted by the jury of manslaughter in the first degree and her punishment was fixed at imprisonment in the penitentiary for five years.

The evidence disclosed without dispute that Claudie Herndon is dead, and that his death resulted by being stabbed in the neck with a knife by this appellant.

The points of decision relied upon for a reversal are based upon rulings of the court upon the admission of the testimony. In this connection nothing but the simplest proposition is involved. The question to which the court sustained the state's objection was asked defendant by her counsel while testifying in her own behalf on direct examination, viz.: "Was your daughter pregnant at that time?" The second question likewise treated was, viz.: "Did your daughter tell you that morning that she was pregnant?" Under the simple issues involved upon the trial of this case, the issue being whether the accused was justifiable under the law of self-defense in the admitted killing of deceased, the relevancy of the matter inquired about is not apparent. Certainly it cannot be insisted that the fact that defendant's daughter was pregnant at that time, or if said daughter had told defendant that morning that she was pregnant, would justify defendant in taking the life of deceased. But pretermitting this, the benefit of the testimony sought by above questions was given defendant wherein she was allowed to answer without objection:

"That a few moments before the conversation with deceased that her daughter had told her she was pregnant and that the deceased was the daddy of the child."

No charges were refused to defendant. No motion for a new trial was made.

The judgment of conviction appealed from is affirmed.

Affirmed.